(106 N. W. 38.)

---

HATTIE M. VIETS v. LEWIS SILVER AND MAX BRODKY.

Opinion filed December 22, 1905.

**Pleading — Evidence — Note as Evidence.**

1. It is error to receive a note in evidence at variance in material matters with the note described in the complaint, when the execution of the note described in the complaint is admitted in the answer.

**Judgment on Pleadings.**

2. A motion for judgment on the pleadings should not be granted when an issue of fact is made by them.

**Appeal — Review — New Trial Ordered by Supreme Court.**

3. Where the trial court dismisses the action prematurely on motion of the defendant before the defendant has formally rested, and upon a ground not in issue under the pleadings, and no formal findings of fact are made, this court will not try the case anew, but will order a new trial.

**Note Invalid Unless Delivered.**

4. A promissory note has no validity between the parties unless delivered.

Appeal from District Court, Logan county; *Burke, J.*

Action by Hattie M. Viets against Lewis Silver and Max Brodky. Judgment for defendants, and plaintiff appeals.

Reversed.

*W. F. Cochrane* and *Purcell, Bradley & Divet,* for appellant.

*George M. McKenna* and *Benton & Lovell,* for respondents.

MORGAN, C. J.   This is an action for the foreclosure of a mortgage on real estate.   The complaint alleges that the mortgage was given to secure a promissory note executed by the defendant on August 29, 1903, wherein they promised to pay to the order of the plaintiff the sum of "one thousand dollars and no cents, on the 29th day of August, 1907, at Napoleon, N. Dak., with interest thereon from the date of said note at the rate of six per centum per annum, for the first two years, payable annually on the 29th day of August in each year thereafter until the maturity thereof, and eight per cent per annum for the remaining two years, which said interest was due on said note on August 29th, 1904.   The defendants answered and set forth separate defenses, besides a qualified general denial.   In the first alleged defense the answer sets forth that the mortgage described in plaintiff's complaint "was given to secure a promissory note such as is described in plaintiff's complaint, but said note was never delivered to this plaintiff.   *   *   *   That even if there has been an actual or constructive delivery of said note to the plaintiff, said note was made without any consideration whatever."   The answer further recites that "in accordance with said oral agreement defendants executed   *   *   *   their promissory note for $1,000 due in four years from the 29th day of August, 1903, in favor of plaintiff, same drawing interest at the rate of 6 per cent for the first two years and at 8 per cent for the remaining two years."   The answer further alleges: "That in accordance with the oral agreement set forth in paragraph eleven of this, defendants' first defense, the defendants permitted the $1,000 note in favor of plaintiff, dated on the 29th day of August, A. D. 1903, due in four years from date with interest at' 6 per cent for the first two years and at 8 per cent for the remaining two years (which note is set forth in plaintiff's complaint herein, and upon which plaintff bases her cause of action) to remain.   *   *   *"   In the second defense set forth in the answer the note is referred to in the following language: They executed "their joint promissory note for $1,000 in favor of the plaintiff due in four years, with interest payable annually at the rate of six per cent per annum for the first two years and at the rate of eight per cent per annum for the remaining two years."   Upon the

trial a note was offered in evidence by the plaintiff and received in evidence without objection. This note is not in terms the same note as is described in the complaint. As received in evidence, there is no provision in it that interest shall become payable annually. Under its terms, as received in evidence, no default existed as to payment of the interest or principal. Before resting the plaintiff asked leave to withdraw the offer of the note in evidence, and, no objection being interposed, leave to withdraw was granted. After plaintiff had rested the defendants offered the note in evidence. Plaintiff objected to the offer on the ground that the execution of the note described in the complaint was admitted in the answer. The note was received in evidence, and plaintiff excepted. Plaintiff then asked to have the case reopened and offered evidence as to the terms and delivery of the note described in the complaint and rested. Defendant thereupon moved to dismiss the action, on the ground of a variance between the terms of the note and the allegations of the complaint in reference to the note. This motion was granted, and judgment of dismissal duly entered. No findings of fact or conclusions of law were made. The plaintiff appeals from the judgment and asks for a review of the entire case under section 5630, Rev. Codes 1899.

The first question presented is, does the answer admit the execution of the note described in the complaint? If so, the dismissal of the action on the ground of a variance was erroneous. It was also an error to receive the note in evidence on application of the defendants after the plaintiff had objected thereto, if the answer admitted the execution of the note.

The answer contains several allegations that admit the execution of the note described in the complaint. They all point to the note described in the complaint, and taken together, as clearly admit the execution of the note as though express terms had been used in making the admission. The amount, date, interest, parties and maturity of the note admitted to have been executed, are the same as the note set forth in the complaint, and the allegations of the answer describe the note therein set forth as the one described in the complaint. It is too clear for argument that there was no issue raised by the pleadings as to the execution of the note described in the complaint. This being true, it was error to dismiss the action. The objection of the plaintiff to the introduction of the note in evidence by the defendant was well founded. The pleadings

had established by positive allegations what the terms of the note were, and, until amended, the pleadings must control as to the terms of the note. The respondent claims that the complaint must be deemed to have been amended, for the reason that appellant offered a note in evidence contrary in terms to the note described in the complaint, and offered proof as to the execution of the note offered in evidence. The note was withdrawn as evidence before plaintiff rested. We do not think that this should bind the plaintiff to accept a note not described in his complaint, which was in the defendants' possession, and was turned over to the plaintiff after a demand in court that it be turned over to him for use during the trial. If the parties had voluntarily litigated the validity of the note as offered in evidence without objection, a different question would be before us, which we need not now pass upon. The note was not, therefore, receivable in evidence. The dismissal of the action was not warranted. Plaintiff contends that this court should try the case anew under the evidence in accordance with the demand made by them for a retrial in the statement of the case. Although the defendants had not formally rested their defense, the action was dismissed on their motion after they had offered the note in evidence. It cannot be said from the record that the issues were tried. The action was dismissed on a motion to dismiss prematurely made.

The answer alleged four separate defenses claimed to be meritorious. No one of them was litigated, nor passed upon. We think a new trial should be awarded under the circumstances. The statute permits such disposition of an appeal under section 5630, by this court "if it deem such a course necessary in the accomplishment of justice." In view of the fact that the action was dismissed on a ground not in issue, and in view of the further fact that no findings of fact were made, we think it would not be in furtherance of justice to try the case anew where the defendants asked for and were granted a dismissal of the action before they had offered any testimony upon any of the issues except merely to offer the note in evidence. The note was not offered in evidence by them to support any issue made by the pleadings, but to show that the plaintiff was relying for judgment on the pleadings before the commencement of the trial and the same was denied. He asks for a review of the decision of that motion on this appeal. Conceding for the purposes of this case only that such motion

is reviewable on appeal under section 5630, Rev. Codes, we are satisfied that the same was properly denied. The answer raised at least one issue. Whether it raised others we need not say. The answer denied the delivery of the note. Appellant contends that the denial of delivery is immaterial, if it appears from the answer that the actual debt that the note would represent was secured by the mortgage sought to be foreclosed. Whether that would be true in a proper case we need not say as no such case is presented. In this case the answer, fairly construed, cannot be said to secure an indebtedness not evidenced by the note. If the note was never delivered the cause of action alleged in the complaint fails. The allegation of the complaint in that particular is "and the said defendants    *    *    *    to secure the payment of said principal sum, and the interest thereon according to the terms of said·note, made    *    *    *    and delivered a certain mortgage," etc. It is elementary in law that the delivery of a promissory note is essential before it becomes of any validity between the parties. Daniel on Negotiable Instruments, section 63. Respondents contend that the answer should be treated by the court as though the motion to amend it had been granted, as it should have been granted. There was no motion made to amend it. The defendants simply indicated to the court that if it construed the allegations thereof to be admission of the execution of the note, they would ask for an amendment. No ruling was made as to an amendment after such statement. The note was introduced in evidence evidently on the theory that the answer did not admit the making of the note described in the complaint.

The judgment is reversed, and a new trial ordered. All concur. (106 N. W. 35.)