## IN RE ESTATE OF THERCILE WELCH, Deceased.

### (186 N. W. 118.)

(File No. 4982.   Opinion filed January 10, 1922.)

1.  **Wills—Probate of Lost Will Through Copy, Setting Aside on Affidavits, All Parties Represented, Whether Error—Statute Re Evidence—Jurisdiction, Want of, Irrelevancy of Findings Re.**

    Where a will alleged to have been accidentally lost after testatrix's death, was probated by proving a copy thereof on affidavits, and certain heirs, nearly a year after probate, contested the will on grounds that county court never acquired jurisdiction and never legally made probate, in that proof was taken by affidavits instead of complying with Secs. 3213-3215, Code 1919, providing in effect that when a will is lost or destroyed court must take proof of execution and validity thereof and establish same, notice to all persons interested being first given, that all testimony must be in writing and signed by the witnesses, and that such proof shall not be made unless the will is proved to have been in existence at time of testator's death or is shown to have been fraudulently destroyed in his lifetime, nor unless its provisions are proved by at least two

credible witnesses, and that when a lost will is established the provisions thereof must be distinctly stated and certified by county judge and filed, etc.; and that the will was not proven to have been in existence at testatrix's death nor proved to have been fraudulently destroyed in her lifetime; court having found in effect that due and legal notice of the hearing for probate was given to all heirs, devisees and legatees, all of whom were represented at the hearing, and that, the will not having been found, attorneys for respective parties agreed in court to dispense with statutory procedure and to establish the will by affidavits, to which all persons interested consented; that the affidavits, two by heirs and two by certain attorneys, all credible persons, were filed and showed proof of due execution of the lost will, its terms and provisions, and that same was in existence at time of death of testatrix, and was not destroyed or revoked; **held,** that the findings were sustained by the evidence; that the irregularity as to character of evidence under said statute did not go to jurisdiction of the court, nor did the allegations of insufficiency of evidence to sustain finding that the will was in existence at time of testatrix's death present a question of jurisdiction.

2.    **Same—Waiver of Strict Compliance With Procedure Re Evidence, Competency Of—Newly Discovered Evidence, Non-production Of—Statute.**

All parties in interest being before the court, it was competent for them to waive strict compliance as to matters of procedure, and to agree that the will was in existence, it appearing that the adjudication then made was strictly in accord with their then wishes; the subsequent contest was not based upon any alleged newly discovered evidence (Sec. 3231, Code 1919), but being based on waived irregularities; hence they could not thereafter be heard to assert them.

Smith, J., not sitting.

Appeal from Circuit Court, Meade County. Hon. JAMES McNENNY, Judge.

In the Matter of the Estate of Thercile Welch, Deceased. John M. Stephens, proponent and executor. The will of decedent having been proven as a lost will, and thereafter motion having been made by Zoe La Plant, Leo Cadzie Marion, Peter La-Flamme, Nazarre La Flamme, and Louis La Flamme, brothers and sisters of testatrix, to vacate the order probating the will, which motion was denied, the moving parties appealing from the latter order to the circuit court, where the order probating the will was affirmed; from which judgment, and from an order denying a new trial, said brothers and sisters appeal. Affirmed.

*Bangs, Eastman & Wood, J. G. McGuckin,* and *Hayes & Heffron,* for Appellants.

*Schrader & Lewis, L. M. Simons,* and *Harry B. Atwater,* for Respondent.

(1)  To point one of the opinion, re jurisdiction, Appellants cited:. Town of Wayne v. Caldwell, 1 S. D. 485.

(2)  To point two, Respondent cited: Town of Wayne v. Caldwell, supra.

GATES, P. J.   Certain serious matters of practice are raised, but, without expressing an opinion thereon, we decide the case upon the merits.

Thercile Welch, a widow, a resident of Meade county, died in April, 1918.   A petition for the probate of her will was filed by one Stephens, in which it was recited that he was named as executor in the will, that the will was in existence at the time of her death, and that it was accidentally lost after her death.   The copy of the will presented for probate discloses that, aside from specific bequests to a niece, Shirley La Flamme, and also a devise of the homestead to her, the residue of the property was devised and bequeathed to the sisters and brothers of decedent, viz.:   Zoe La Plant, Leocadzie Marion, Peter La Flamme, Nazaare La-Flamme and Louis La Flamme.   At the time of the death of testatrix the niece, Shirley. La Flamme, was married to one Ruenholl.   She died after the will was probated.   The will was probated July 1, 1918.   At the hearing all of the beneficiaries under the will, and all persons who would have taken under the law of succession in case there had been no will, were represented.

Nearly a year after the probate, viz. on June 27, 1919, the brothers and sisters of testatrix sought to contest the will, by filing a motion to vacate the order probating the will, on the grounds that the county court never acquired jurisdiction to make it, and never did legally make it, in that the proof of the lost will was taken by affidavits, instead of by complying with the section of the statute, now section 3213, Rev. Code 1919, and that the lost will was not proved, even by the affidavits, to have been in existence at the time of testatrix's death; nor proved to have been fraudulently destroyed in her lifetime.   After a hearing the motion was denied by the county court.   An appeal therefrom

was taken to the circuit court with like result. Therefrom the brothers and sisters appealed to this court.

The following are among the findings of the trial court:

"The county court, by its order, designated May 18, 1918, at his office at Sturgis, South Dakota, as the time and place of hearing said petition. Due and legal notice of the hearing as required by law and the order of the court was duly given, both by publication and mailing, to all the heirs, devisees, and legatees under said will, all of whom were represented at the hearing by their respective attorneys, Shirley La Flamme Ruenhall by L. M. Simons, and John M. Stephens and appellants by Schrader & Lewis, all of said appellants, except Nazaare La Flamme, being personally present in court, and that Schrader & Lewis were authorized to so appear for and represent appellants.

"The court further finds that at the time set for the hearing, the will not having been found, the said attorneys for the respective parties agreed, in open court, to dispense with the statutory procedure in such cases provided, and establish the same by affidavits filed in said county court, to which procedure all persons interested in the estate and last will, including appellants, consented and acquiesced; the said Nazaare La Flamme being one of the parties who made an affidavit for such purpose and filed the same in said county court.

"The court finds that on the 1st day of July, 1918, parties duly appeared pursuant to adjournment in the said county court of Meade county by their respective attorneys in the matter of the proof and probate of said lost will of Thercile Welch, deceased and duly presented and filed in said county court written affidavits of Nazaare La Flamme, Nellie Horne, John F. Schrader, and Clarence L. Lewis, four credible persons, duly signed and verified by each of them, respectively, in proof of the due execution of said lost will, its terms and provisions, and that the same was in existence at the time of the death of the said Thercile Welch, deceased, not destroyed or revoked.

[1] These findings are clearly sustained by the evidence. Little more need be said in order to justify the decision of the trial court, except that the irregularity complained of, in that the provisions of the statute, now appearing as sections 3213-3215, Rev. Code 1919, were not strictly complied with, do not go to

the question of the jurisdiction of the county court to probate the copy of the will, nor does the alleged insufficiency of the evidence to sustain the finding of the county court that the will was in existence at the time of testatrix's death present a question going to the jurisdiction of the county court.   Calhoun v. Bryant, 28 S. D. 266, 133 N. W. 266.

[2]   All of the parties in interest, whether or no there was a will, were before the court, and it was competent for them to waive a strict compliance as to matters of procedure.   It was also competent for them to agree that the will was in existence, if they so chose.   That adjudication then made was strictly in accordance with their then wishes.   The subsequent attempted contest was not based upon anything that had been discovered since the probate of the will (Rev. Code 1919, § 3231), but was based upon irregularities of which they knew, or are presumed to have known, at the time of probate, and which they then waived.   They may not now be heard to assert them.

The judgment and order appealed from are affirmed.

SMITH, J., not sitting.