# In Re MEYER'S ESTATE

## HOEFER, Appellant, v. SPILKER, Respondent

### (10 N. W.2d 516.)

(File No. 8481. Opinion filed July 27, 1943.)

**John T. Milek,** of Sturgis, for Appellant.

**Dan McCutcheon** and **Lem Overpeck, both** of Belle Fourche, for Respondent.

ROBERTS, P.J. On March 20, 1937, the will of Louisa Meyer, deceased, was presented for probate in the County Court of Meade County. The will included small bequests to a sister and to nephews and nieces living at the time of the death of testatrix. The residue of her property was devised and bequeathed to two nephews, Arnold Spilker and Herman Spilker. The latter was named as executor. Elizabeth Poss, a niece, resisted probate of the will on the grounds of incompetency and undue influence and the executor and proponent of the will made answer thereto. The county court after hearing found in favor of contestant. Upon appeal to the circuit court, judgment after trial de novo was entered sustaining validity of the will.

The present proceeding to contest the will after probate was instituted by William Hoefer, a nephew of the deceased. Contestant alleges that he has learned since the probate of the will that the deceased was at the time of the execution of the instrument mentally incompetent and was not capable of making a will; that the "purported will was not the free and valid act of the said decedent but was procured to be made by the said undue influence of the said Arnold Spilker"; and that the testimony of the attorney

"who prepared and presented the said purported last will and testament, has been materially changed in that at the time, for the offering of the probate of the said instrument, the said attorney testified that there were three wills made during the year 1933 but that at a second hearing on the said matter the said attorney testified that there was but one will made and that was the one offered for probate."

The executor and proponent of the will moved in county court to dismiss the proceeding on the ground that the contest was not predicated on evidence discovered since the probate of the will. The motion was granted. Petitioner has appealed to this court from the order of the circuit court sustaining dismissal of the proceeding by the county court.

The only question presented is the effect of the determination of the issues submitted in the previous contest on the right of appellant to contest the validity of the will after it had been admitted to probate. SDC 35.0301 provides for contest of a will before probate and SDC 35.0306 provides for contest after probate. The latter section reads as follows:

"When a will has been admitted to probate, any person interested therein may, at any time within one year after such probate, contest the same or the validity of the will. For that purpose he must file in the court in which the will was proved a sworn petition in writing alleging that evidence, discovered since the probate of the will, the material facts of which must be set forth, shows:

"(1) That a will of a later date than the one probated, revoking or changing the former will, has been discovered and is offered; or

"(2) That some jurisdictional fact was wanting in the former probate; or

"(3) That the testator was not competent, free from duress, menace, fraud, or undue influence when the will allowed was made; or

"(4) That the former will was not duly executed and attested."

 The probate of a will is a proceeding in the nature of a proceeding in rem. Carter v. Frahm, 31 S. D. 379, 141 N. W. 370; State v. Nieuwenhuis, 43 S. D. 198, 178 N. W. 976. When statutory notice has been given, all persons interested in the estate are called before the court and the court acquires jurisdiction over such persons for the purpose of determining their rights to any portion of the estate. Whether a person interested appears and presents his claim or fails to appear the determination of the courts is equally conclusive upon him.

 The right to contest a will after probate is expressly reserved. Any interested person may contest a will within one year after probate upon evidence since discovered and upon certain stated grounds. SDC 35.0306, 35.0312. But the statute does not contemplate that there may be two contests before the same tribunal upon the same state of facts. In re Welch's Estate, 45 S. D. 87, 186 N. W. 118; In re Impunnubbee's Estate, 49 Okl. 161, 152 P. 346. The circuit court in the first contest found that testatrix at the time of executing the will in question was of sound and disposing mind and was not acting under fraud, duress or undue influence. The record discloses that such determination was made on issues of fact raised by written grounds of opposition filed by Elizabeth Poss to the probate of the will and answer of the proponent of the will. The issues of incompetency and of undue influence resolved by the court in favor of the proponent of the will are as binding upon the appellant herein as though he had been the contestant.

 It is clear that a contestant after probate must predicate his contest on evidence discovered since the probate of the will. Contention is not here made that a contestant after probate cannot challenge the will on a ground judicially determined before probate and must confine himself to other grounds in connection with newly discovered evidence. It will not be necessary in determining this appeal to consider such question. Counsel urges that since the matters of incompetency and undue influence were in issue, considered and determined in the original contest and

the evidence upon which the determination of such issues was made is. in the record, it is incumbent upon the appellant in the instant contest to set forth in his petition material facts not previously considered and not known at the time of probate of the will. Under the specific provisions of the statute, it must be made to appear from the petition "that evidence, discovered since the probate of the will, the material facts of which must be set forth, shows" the existence of the statutory grounds on which contestant relies. SDC 35.0306. The petition herein states the grounds of contest in the general language of the statute and does not set forth as the statute contemplates the facts out of which the right to a revocation of the will arose in such a manner as to apprise the court of what material facts discovered since probate the petitioner relies on and intends to prove. Reference is made to conflicting testimony given by a witness before the county and circuit courts. The fact that appellant has recently discovered the conflict in the testimony of this witness does not constitute newly discovered evidence and a basis for a contest.

Finding no reversible error, the judgment appealed from is affirmed.

All the Judges concur.