Mrs. Glenora HOPPIN, Plaintiff
and Appellant,

v.

Adele F. FORTIN et al., Defendants
and Respondents.

No. 7877.

Supreme Court of North Dakota.

Sept. 28, 1961.

Emanuel M. Stern and Lanier, Lanier & Knox, Fargo, for appellant.

Wattam, Vogel, Vogel, Bright & Peterson, Fargo, for defendants-respondents.

MORRIS, Judge (on reassignment).

The appellant's brief gives a concise history of the case, which we state in substance. Dr. Harry J. Fortin executed a will on January 10, 1956. He died October 19, 1956. His will was admitted to probate in the County Court of Cass County, North Dakota, on November 23, 1956, and the executors named in the will were appointed by the court. On September 6, 1957, Mrs. Glenora Hoppin, appellant herein, filed a petition for proof and probate of a codicil to the will, which was resisted by the executors. After hearing, at which testimony was taken, the county court denied the admission of the codicil to probate. An appeal was taken to the District Court of Cass County and a trial de novo and trial by jury were demanded. The respondent executors made a motion in the district court for a summary judgment and judgment on the pleadings. An affidavit of an attorney for the respondents was filed in support of the motion. The motion was resisted and an affidavit of an attorney for the appellant was filed in response to and in resistance to the motion. The court granted the motion after hearing and issued an order directing summary judgment for dismissal of the action on the merits. Judgment was entered

pursuant to the order and, from the judgment so entered, Mrs. Glenora Hoppin appeals to this Court.

The respondents' motion is based on the contention that there is no genuine issue of fact between the appellant and the respondents, that the pleadings show that the appellant has no cause of action, that the appellant's petition for probate of the codicil fails to state a claim upon which relief can be granted, and that the defendants are, therefore, entitled to summary judgment.

The appellant contends that the court erred in considering the motion and rendering judgment pursuant thereto because the motion is made under Rule 56 and Rule 12 (c) of the North Dakota Rules of Civil Procedure, and that this proceeding being an appeal under the provisions of Chapter 30–26, NDCC, the procedure to be followed is governed exclusively by that chapter and the Rules of Civil Procedure are not applicable. It is further contended by the appellant that in the event the motion might properly be considered by the court, he erred in granting it.

It is provided in Section 30–26–23, NDCC, that:

"Upon every appeal taken generally, the court has the same power that the county court had to permit or direct a pleading to be filed, or to amend the issues and try the same accordingly, * * *."

See Section 30–02–27, NDCC.

■ The motion for judgment upon the pleadings is of common-law origin and is in the nature of a general demurrer. 41 Am.Jur., Pleading, Section 335. Demurrers have been abolished under our Rules of Civil Procedure (Rule 7(c)), but the motion for judgment on the pleadings has been preserved. See Rule 12(c). Under the latter rule, "If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment * * *." In this case both parties submitted affidavits at the hearing on the motion. The court treated it as one for summary judgment and entered judgment accordingly. A motion for judgment on the pleading should not be granted when an issue of fact is made by them (Viets v. Silver and Brodky, 15 N.D. 51, 106 N.W. 35) but as we shall point out, there is no issue of fact to be tried.

Section 81(b) of the N.D.R.Civ.P. states:

"These rules do not supersede the provisions of statutes relating to appeals to or review by the district courts, but shall govern procedure and practice relating thereto insofar as these rules are not inconsistent with such statutes."

■ On an appeal, taken generally, from the county to the district court, where the retrial in the district court involves issues of law and fact, they are triable on evidence offered anew and not on the record or transcript of the testimony and proceedings certified from the county court. In re Peterson's Estate, 22 N.D. 480, 134 N.W. 751. The mode of trial of such issues is provided for by Section 30–26–23, NDCC, which states:

"If an appeal from a decree or an order of a county court is taken generally, all the issues must be tried and determined anew in the district court and the court must hear the allegations and proofs of the parties and determine all questions of law and fact arising thereon according to the mode of trying similar issues originating in that court, except that an issue involved in the probate of a will and issues arising upon a petition for the allowance of a claim or demand for money only must be tried according to the mode of trying issues to a jury if a jury is demanded."

■ The sufficiency of a pleading to state a claim or cause of action in a case originating in the district court presents

a question of law which may be tried on a motion for judgment on the pleadings. There is no reason why the same rule should not apply to pleadings originating in the probate court which come before the district court by virtue of an appeal that brings the case to the district court for a trial anew upon all issues which the statute says shall be determined "according to the mode of trying similar issues originating in that court." It was not a procedural error for the district court to hear and determine the issues of law raised by the respondents' motion for judgment on the pleadings and render summary judgment as provided by Rule 56, N.D.R.Civ.P.

The next question is whether the court erred in rendering summary judgment on the merits of the motion.

The petition for proof and probate of the codicil filed by the petitioner and appellant herein is entitled in the County Court of Cass County. The respondents are the same as those named in the petition for proof and probate of the original will of Harry J. Fortin, including "all persons interested in the estate of Harry J. Fortin, deceased," to which has been added the name of Mrs. Glenora Hoppin who is also named as the petitioner. Mrs. Hoppin alleges that Doctor Fortin died on or about the nineteenth day of October, 1956, and was at the time of his death a resident of Cass County, that he left a last will and testament dated January 10, 1956, and a codicil thereto dated September 17, 1956, and that the last will and testament had already been filed with the court. It is alleged that the will is set forth by reference, that the codicil is filed and made a part of the petition, and that the accounts receivable of the deceased and proceeds from the sale of his medical business do not exceed the probable value of $50,000. The prayer of the petition is that the codicil be admitted to probate as the codicil to the will of Harry J. Fortin and that letters testamentary thereon be issued to Adele F. Fortin and The Merchants National Bank and Trust Company of Fargo, the persons named in the will as executors. The codicil is written on office paper under a letterhead of Doctor Fortin. It is directed "To the Executors of my Estate," and contains the following provisions:

"This is to inform my executors, that I have advised Mrs. Glenora Hoppin, 907 First Street South, Moorhead, Minnesota, that inasmuch as she has worked diligently and kept confidential matters of importance for me, I wish her to have after my death all monies pending from my medical practice including all accounts of every kind which are due me or collected after the date of my death. Therefore, I give, devise and bequeath all of these accounts to her without any reservations whatsoever.

"I am giving two copies of this codicil to my friend, Dr. Trygve Oftedal, with instructions as to the procedure I wish him to follow. At present, my wife, Adele F. Fortin, knows nothing of this bequest, although I am sure she will understand my reason for doing this, and I desire that knowledge of it be kept from her until some months after my death."

Adele F. Fortin and The Merchants National Bank and Trust Company of Fargo, a corporation, as executors of the estate of Harry J. Fortin and as trustees of trusts created by his will, filed an answer to Mrs. Hoppin's petition admitting the death of Doctor Fortin, the execution of his last will and testament, and its filing and admission to probate in the county court. It denies that he left the codicil described in the petition and alleges that it is fraudulent. It further alleges that the petition of Glenora Hoppin is defective in that it does not comply with Section 30–0608 of the North Dakota Revised Code of 1943 and does not state facts or grounds upon which any relief can be granted.

The affidavit of the petitioner's attorney presented on the hearing of the motion for judgment on the pleadings and summary judgment states that on September 17, 1956, the codicil was signed by Doctor Fortin in the presence of two witnesses whose names appear on the codicil and that these witnesses signed in the presence of Doctor Fortin and each other; that there were four originals of the codicil so signed at the request of the testator, and that two of the originals were at that time turned over to Mrs. Hoppin. The testator told Mrs. Hoppin that he was giving the other two copies to his friend, Dr. Oftedal. It is also stated that the petitioner did not disclose the existence of the codicil in accordance with the request contained therein until some several months after the death of the testator except to an employee of The Merchants National Bank and Trust Company, a trustee named in the will. The affidavit also states:

"Petitioner, Mrs. Hoppin, received no actual notice of the probate of said Will. Publication was made in the Fargo Forum of the Notice Hearing Petition for Proof and Probate of Will, but was not seen by the petitioner; that petitioner expected Dr. Oftedal to present the codicil in regular order and petitioner felt she was bound to follow the directions of the testator appearing in the codicil in this regard; that petitioner did not appear at the time the Will was offered for probate and did not file her codicil prior to that time."

It is also stated that Dr. Oftedal died on March 13, 1957; that petitioner expected the codicil to come to light during the probate of his estate; that after waiting four or five months and hearing nothing, she consulted a lawyer on August 20, 1957, and this action was brought immediately.

In the list of definitions set out in Section 30–01–02, NDCC, we find that "will" includes "codicil."

Section 30–06–08, NDCC, provides that:

"When a will has been admitted to probate, any person interested therein, at any time within one year after such probate, may contest the same or the validity of the will. For that purpose he must file in the court in which the will was proved a sworn petition in writing containing his allegations that evidence discovered since the probate of the will, the material facts of which must be set forth, shows:

"1. That a will of the decedent, of later date than the one proved, revoking or changing the former will, has been discovered and is offered;

"2. That some jurisdictional fact was wanting in the former probate;

"3. That the testator was not competent, free from duress, menace, fraud, or undue influence when the will allowed was made; or

"4. That the former will was not duly executed and attested."

Section 30–05–09, NDCC, provides that:

"When there is reason to suppose that there may be another will of the testator in existence, or persons interested in the estate who are not named in the petition, the court shall annex to the names of the respondents to whom the citation is addressed the words 'and all other persons interested,' and shall direct service of the citation by publication in addition to the service otherwise required in this title."

The will of Doctor Fortin purported to dispose of his estate. Mrs. Hoppin was not mentioned therein. The codicil which she now seeks to have admitted to probate purports to dispose of a part of the estate to her. It conflicts with the disposition made by the will which had already been admitted to probate when the codicil was produced. Since it would change the disposition made by the will, it is a contest of the probate at least to the extent of the con-

flict. The petition for proof and probate of the codicil alleges "that your petitioner is interested in the estate of said decedent, being a devisee under said codicil."

■ The appellant seems to argue that Section 30–06–08, NDCC, is not applicable here because Mrs. Hoppin is not "any person interested therein" within the meaning of that section. This argument is untenable under the allegations of the pleadings. The estate is disposed of by the will that has been admitted to probate. The petitioner is a devisee under the codicil. It conflicts with the will because it alters the disposition of a part of the estate. The petitioner is therefore interested in the will and its probate for the reason that it disposes of property of the estate in a manner contrary to the claim of the petitioner.

At the time the will was admitted to probate, neither Dr. Oftedal nor Mrs. Hoppin had come forth with the codicil although each was in possession of two originals. Its existence was apparently unknown to Adele F. Fortin or The Merchants National Bank and Trust Company of Fargo, petitioners for the probate of the will, and was unknown to the county court. However, citation and notice of hearing of the probate of the will was published in the Fargo Forum and was notice to "all persons interested in the estate of Harry J. Fortin, deceased." Throughout the proceedings to probate the will Mrs. Hoppin knew she was interested in the estate of the decedent because she had in her possession two originals of the codicil upon which her interest was based. She also knew of the death of Doctor Fortin. She had constructive notice of the hearing on the admission of the will to probate by virtue of the publication in the Fargo Forum. This being the situation, her attack on the probate of the will through the presentation for probate of the codicil after the admission of the will to probate, in order to be successful, must come within the provisions of Section 30–06–08, NDCC. We now turn to a consideration of that Section.

■ It is a requisite of Section 30–06–08, NDCC, that a sworn petition in writing must be filed containing allegations that evidence discovered since the probate of the will, the material facts of which must be set forth, shows at least one of four grounds set out in the statute for contesting the will. Bancroft's Probate Practice, 2nd Edition, Section 182; In re Impunnubbee's Estate, 49 Okl. 161, 152 P. 346; In re Blackfeather's Estate, 54 Okl. 1, 153 P. 839; In re Meyer's Estate, 69 S.D. 339, 10 N.W.2d 516, 517. The latter case involved an appeal from an order of the circuit court sustaining the dismissal of a will contest proceeding by the county court. The contest was predicated on a South Dakota statute containing the same provisions as our Section 30–06–08, NDCC. In affirming the dismissal, the Supreme Court of South Dakota said:

"It is clear that a contestant after probate must predicate his contest on evidence discovered since the probate of the will. * * * Under the specific provisions of the statute, it must be made to appear from the petition 'that evidence, discovered since the probate of the will, the material facts of which must be set forth, shows' the existence of the statutory grounds on which contestant relies. SDC 35.0306. The petition herein states the grounds of contest in the general language of the statute and does not set forth as the statute contemplates the facts out of which the right to a revocation of the will arose in such a manner as to apprise the court of what material facts discovered since probate the petitioner relies on and intends to prove. Reference is made to conflicting testimony given by a witness before the county and circuit courts. The fact that appellant has recently discovered the conflict in the testimony of this witness does not constitute newly discovered evidence and a basis for a contest."

In the case before us, the petition contains no allegation with respect to newly dis-

covered evidence. No attempt to amend the petition was made either in the county or the district court. Matters outside of the pleadings were presented to the court. Among these matters were affidavits of the attorneys. There is no challenge to the form of the affidavits or the qualifications of the affiants. No question is raised by either party with respect to the scope of the record considered by the trial court. Subject to the appellant's objection that the Rules of Civil Procedure are not applicable, which we have heretofore noted, the matter was heard by the trial court as a motion for summary judgment under Rule 56, N.D.R. Civ.P., and the motion granted.

Mrs. Hoppin has produced a codicil, of a later date than the will, which purports to give her an interest in the estate but she does not allege, nor could she do so under the admitted facts, that the codicil was discovered since the probate of the will for she had the codicil in her possession from the date of its execution. Counsel attempts to excuse the petitioner for failing to present and assert her claim under the codicil prior to the admission of the will to probate on the ground that she expected Dr. Oftedal to present it as set forth in counsel's affidavit, and argues that the discovery by her of his failure so to do after the will had been admitted to probate constitutes newly discovered evidence.

Mrs. Hoppin, the beneficiary under the codicil, was in possession of two originals of that instrument from the time of Doctor Fortin's death. It was within her power to produce and present the codicil for probate at any time. Her reasons for failing to do so may have been laudable but they do not excuse her from complying with the law which is designed to bring about the orderly probate and distribution of the estates of decedents with reasonable dispatch. The fact that she relied upon Dr. Oftedal to do what she should have done and that she did not discover his failure to act until after the will was admitted to probate does not constitute newly discovered evidence within the meaning of any of the four grounds set out in Section 30–06–08, NDCC. The petition for proof and probate of the codicil fails to set forth grounds for contesting the will that was admitted to probate, or any part thereof, nor does the record, including the affidavit of appellant's attorney, show that grounds for such a contest exist. That will having disposed of all of the estate of the testator, Harry J. Fortin, the codicil is not entitled to be admitted to probate. The judgment is affirmed.

SATHRE, C. J., and BURKE, TEIGEN and STRUTZ, JJ., concur.