PER CURIAM.
The appellants by these consolidated appeals seek reversal of an order of the county judge’s court of Dade County denying their separate petitions to revoke probate of the will of Julia F. Pfeiffer, deceased.
As a preliminary to denial of the petitions, the order contained the following recital and findings: “[A]nd the Court having heard the issues of competency and undue influence, and the conflicting proof adduced by the parties thereof, and the Court finds that the preponderance of the evidence shows that, on November 10, 1966, the date of the Will heretofore admitted to probate, Julia F. Pfeiffer had testamentary capacity and was not subject to undue influence, and that the Will of that date is a valid Will.”
The appellants in appeal No. 68-720 contend the county judge erred by failing to hold that the testatrix lacked capacity to execute the will, and was subjected to undue influence in the execution thereof. Additionally, they argue that the evidence was insufficient to establish publication of the will, and that the executrix in her testimony waived the dead man’s statute (§ 90.05 Fla.Stat., F.S.A.). The appellants in appeal No. 68-727 contend the evidence showed the testatrix lacked testamentary capacity and showed undue influence; that the circumstances disclosed a presumption of undue influence which was not overcome; and that the execution and attestation of the will were not proved.
We have considered those contentions in the light of the record and briefs, and find them to be without merit. No useful purpose would be served by a restatement of the evidence here. The order of the county judge holding that the will was validly made, and rejecting the claim of incapacity and undue influence, was supported by substantial competent evidence, and it has not been shown that the county judge mis *445 apprehended the legal effect of the evidence as a whole.
In the case of In re Donnelly’s Estate, 137 Fla. 459, 188 So. 108 (opinion on rehearing, at pp. 117-118), the Supreme Court said: “The court has ruled that the conclusion of the probate court on conflicting evidence will not be disturbed unless the legal effect of the proof has been misapprehended or there is a lack of evidence to support the findings. Hooper v. Stokes, 107 Fla. 607, 145 So. 855, 146 So. 668; Parker v. Penny, 95 Fla. 922, 117 So. 703.” That rule has been so repeatedly pronounced and uniformly observed by appellate courts as to preclude the necessity for further citation of cases so holding.
No reversible error having been made to appear, the order appealed from is affirmed.