PER CURIAM.
This will revocation proceedings has been before the appellate courts of this State several times. See: Miami Bay Oaks Soroptimist Home for Aged, Inc. v. Smith, Fla.App.1969, 224 So.2d 444, cert. denied, Allamong v. Smith, Fla.1969, 232 So.2d 175 and Miami Bay Oaks Soroptimist Home for Aged, Inc. v. Smith, Fla.1969, 232 So.2d 179; Davis v. Smith, Fla.App.1970, 240 So.2d 211. See also: In Re Pfeiffer’s Will, 1970, 34 Fla.Supp. 132. The petition for revocation in the instant action was the seventh one filed, addressed to the will admitted for probate and previously reviewed in Miami Bay Oaks Soroptimist Home for Aged, Inc. v. Smith, Fla.App.1969, 224 So.2d 444. The order under review reads, in part, as follows:
* * * * * *
“ * * * it appearing that the present Petition to Revoke is identical in all material respects to the previous Petition to Revoke filed by IVA DAVIS and dismissed with prejudice by this Court’s ■Order of August 21, 1970, and is identical in nature with the five previous Petitions to Revoke the Probate of the Will of the Decedent dated November 10, 1966, which have been previously filed, and after trial of all the issues therein, the various Petitions to Revoke Probate were each denied and such Order was then appealed to the District Court of Appeal, Third District and the Supreme Court of the State of Florida, and said Order of the Probate Court in this cause was held valid. * * * ”
******
The appellant puts great stress on this court’s opinion in In Re Estate of Dalton, Fla.App.1968, 206 So.2d 264. We find this case to be distinguishable from the instant cause for several reasons, among which are that the appellant McWilliams was bound by the prior proceedings in this matter because of actual notice of same. Second, Sigley’s point [referred to in the cited case] was whether or not Sigley who did not receive the proper notice to shorten the time for filing a petition for revocation was bound thereby. This is not the issue in the case sub judice.
The action of the trial judge was consistent with the prior decisions of this court and the following authorities. Meyer v. Fogg’s Exr., Fla.1857, 7 Fla. 292; In Re Barret’s Estate, Fla.1949, 40 So.2d 125; State ex rel. Ashby v. Haddock, Fla.1962, *371 149 So.2d 552; Biederman v. Cheatham, Fla.App.1964, 161 So.2d 538; State ex rel. Booth v. Byington, Fla.1965, 178 So.2d 1; In Re Tim’s Estate, Fla.1965, 180 So.2d 161; In Re True’s Will, 1968, 31 Fla.Supp. 1; Strickland v. Peters, 5th Cir. 1941, 120 F.2d 53; Compare In Re Meyer’s Estate, 69 S.D. 339, 10 N.W.2d 516. Therefore, we affirm.
Affirmed.