**Alve W. McCROSKEY, Plaintiff and Appellant,**

v.

**Gerard FETTES, Donn Weaver, individually and as members of the Fargo Police Department, and the City of Fargo, a municipality, Defendants and Appellees.**

**Civ. No. 9946.**

Supreme Court of North Dakota.

Oct. 15, 1981.

Kraemer, Jochim & Beauchene, Fargo, for plaintiff and appellant; argued by Frederick D. Kraemer, Fargo.

Nilles, Hansen, Selbo, Magill & Davies, Fargo, for defendants and appellees; argued by E. Thomas Conmy III, Fargo.

ERICKSTAD, Chief Justice.

The plaintiff, Alve McCroskey, appeals from an order of the District Court of Cass County granting the defendants summary judgment pursuant to Rule 56, N.D.R. Civ.P., upon their motion for dismissal pursuant to Rule 12(b) based upon the court's determination that the defendants were immune from suit and that McCroskey's complaint did not state a claim upon which relief could be granted. We reverse and remand.

We have previously ruled upon the issues raised by McCroskey in a related case based upon the same incident. *McCroskey v. Cass County*, 303 N.W.2d 330 (N.D.1981). In the present case, McCroskey's action is against the police officers who detained him for detoxification, and against their employer, the City of Fargo.

The undisputed facts are that at approximately 8:00 p. m. on December 5, 1978, the officers saw McCroskey standing by a car, which turned out to be his own, in a downtown parking lot. It appeared to the officers that McCroskey was either urinating or tampering with the car, although Officer Weaver admitted in his deposition that McCroskey could have been unlocking a car door. Officer Weaver approached McCroskey, who was by then sitting in the car with the engine running. He asked McCroskey to sit in the squad car. While sitting in the squad car, Officer Weaver asked McCroskey to blow his breath up toward the front which he did. As McCroskey wished to drive his car home, he refused the officers' offer to give him a ride home or to call a cab for him. The officers then decided to take McCroskey in for detoxification. In dispute is whether or not McCroskey was argumentative and whether or not he smelled of alcohol. McCroskey testified he had not had a drink that evening. When he was taken to the Cass County jail, he was allowed to call his wife.

McCroskey raises the following issues:

## "I.

"WHETHER AS A MATTER OF LAW THE INJURIES ALLEGED IN PLAINTIFF'S COMPLAINT FALL WITHIN THE MEANING OF N.D.C.C. 32–12.1–02.

## "II.

"WHETHER AS A MATTER OF LAW THE ACTS OF DEFENDANTS WERE NOT PURELY DISCRETIONARY ACTS WITHIN THE MEANING OF N.D.C.C. 32–12.1–03."

█ The first issue was disposed of in *McCroskey v. Cass County*, 303 N.W.2d at 335–36, when we said, "We conclude that a 'personal injury,' as contemplated by Ch. 32–12.1, N.D.C.C., includes physical injuries, disease, sickness, mental anguish and suffering." Therefore, the injuries alleged do fall within the meaning of Section 32–12.1–02, N.D.C.C., as injuries for which a political subdivision may be liable.

The law concerning discretionary functions was also discussed in *McCroskey v. Cass County*, 303 N.W.2d at 332–35. In *McCroskey v. Cass County*, the defendants moved for judgment on the pleadings as permitted under Rule 12(c), N.D.R.Civ.P. In the present case, the same motion was made; however, affidavits of the officers were considered by the court, thus the court properly treated the motion as one for summary judgment under Rule 56, N.D.R. Civ.P., rather than a Rule 12(c) motion.[1] In addition to the affidavits, depositions of McCroskey, Fettes, and Weaver are in the record.

█ The court found that the defendants were engaged in discretionary functions and were immune from suit. In *McCroskey v. Cass County, supra*, we held that the determination of what to do with an individual after it is determined that he is apparently intoxicated is discretionary.

There are, however, non-discretionary functions the officers must do. While an officer has discretion in determining whether or not a subject is apparently intoxicated, it is non-discretionary that he make observations that the subject is apparently intoxicated and constitutes a danger to himself or others prior to taking the subject to jail for detoxification. Also, after placing the apparently intoxicated person in jail, the police officers must notify that person's family as soon as possible. § 5–01–05.1, N.D. C.C.; *McCroskey v. Cass County*, 303 N.W.2d at 335.

There is no allegation in the defendants' answer or the officers' affidavits that McCroskey's family was notified by the police officers.

█ Thus, the pleadings and affidavits themselves reveal that the officers failed to perform a non-discretionary function. The defendants, however, point out that in McCroskey's deposition he admitted he was allowed to call his wife and, in fact, notified her of his situation. The question is not whether or not McCroskey at some point in time was able to call some member of his family, but whether or not the record, as it is now reflected, discloses that the police officers knew that McCroskey had called his wife or a member of his family at the time they transferred custody to the officials of the detoxification center. The record is not sufficiently clear as to be dispositive of this issue. When an issue of fact exists, a motion for summary judgment should not be granted. *Hoppin v. Fortin*, 111 N.W.2d 122, 124 (N.D.1976); Rule 56(c), N.D.R.Civ.P. Accordingly, the trial court should not have granted summary judgment.

█ It is also non-discretionary that the officers make the observations necessary to determine whether or not the subject is apparently intoxicated and, if so, whether

---

1. "*Motion for Judgment on the Pleadings.* After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings. If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." Rule 12(c), N.D.R.Civ.P.

or not he constitutes a danger to himself or others before taking him to jail for detoxification. The actual determination is discretionary as long as it is based upon observations. *McCroskey v. Cass County*, 303 N.W.2d at 335. In their affidavits, the officers state:

"5. That after questioning and observing Plaintiff, Alve McCroskey, at length, myself and Donn Weaver concluded by reason of McCroskey's speech, actions, and general demeanor, that he was intoxicated and constituted a danger not only to himself, but to other members of the public as well."

"5. That after questioning and observing Plaintiff, Alve McCroskey, at length, myself and Gerard Fettes concluded by reason of McCroskey's speech, actions, and general demeanor, that he was intoxicated and constituted a danger not only to himself, but to other members of the public as well."

Yet, in his deposition, Officer Weaver testified as follows:

"Q. Now did you conduct any field sobriety tests on Mr. McCroskey?

"A. No, sir, I did not.

"Q. So you didn't have him do any Romberg balance tests or any of those?

"A. No, sir.

"Q. Why is that?

"A. We were not charging him with driving while under the influence offense.

"Q. But you were going to detain him, were you not?

"A. We had not decided that at this time.

"Q. When did you decide you were going to detain him and hold him for detoxification?

"A. We first offered to call him a cab. We decided that he had had too much to drink to be driving.

"Q. Okay.

"A. We wanted to call him a cab and send him home in a cab. He refused stating that it was his vehicle and he was going to drive his vehicle home.

"Q. So, in other words, he became belligerent with you?

"A. Yes.

"Q. I suppose when he became belligerent that upset you?

"A. No, sir.

"Q. When did you decide you were going to take him down to the Cass County Jail for detoxification?

"A. Then we offered to drive him home. Again he said it was his vehicle and he was going to drive his own vehicle. It was at this time that we decided to detain him for detoxification.

"Q. But before you decided to hold him for detoxification, you never conducted any field sobriety test?

"A. No, sir."

And Officer Fettes testified as follows:

"Q. Did you notice if Mr. McCroskey's eyes were bloodshot that evening?

"A. I don't recall. I don't believe I really looked at them that close.

"Q. Did you notice if his speech was slurred?

"A. I wouldn't say really [he] had that much trouble with his speech. Like I said, it was hard to say. He was very argumentative. When I got into the car, he was arguing with Officer Weaver.

"Q. Did you conduct any field sobriety tests of Mr. McCroskey before he was taken to the Cass County Jail?

"A. No, I didn't."

As this testimony indicates that there is an issue of fact as to whether or not the officers made the observations necessary to determine intoxication and danger to self or others, we conclude that the case for this reason also was not ripe for summary judgment.

For the reasons stated herein, the order is reversed and the case is remanded for further proceedings.

SAND, PAULSON, PEDERSON and VANDE WALLE, JJ., concur.