**CITY OF FARGO, Plaintiff and Appellant**

v.

**Randy Lee BERNTSON, Defendant and Appellee.**

Crim. No. 930089.

Supreme Court of North Dakota.

Sept. 8, 1993.

Thomas J. Gaughan, Asst. City Atty., Fargo, for plaintiff and appellant.

Leslie D. Johnson, Fargo, for defendant and appellee.

VANDE WALLE, Chief Justice.

The City of Fargo appealed from a county court order dismissing a charge of driving while under the influence against Randy Berntson. We affirm.

On December 10, 1990, the Fargo Municipal Court issued a "release from custody" order establishing "minimum periods of detention" for individuals arrested in Fargo for driving while under the influence of intoxicating liquor:

"A DUI/APC defendant who refuses a blood alcohol test will be held in jail for a minimum period of twelve (12) hours from the time of his/her arrest prior to being released on bond pending trial.

"A DUI/APC defendant who submits to a blood alcohol test, the result of such test being a blood alcohol concentration (BAC) of at least ten one-hundredths of one per cent (.10%) by weight, will be held in jail, prior to being released on bond pending trial, until such time as his/her blood alcohol concentration (BAC) is determined to be .05% or less, employing an average alcohol elimination rate of .015% per hour."

On July 29, 1992, the district court, the Honorable Lawrence A. Leclerc, orally granted a petition for writ of habeas corpus

by Eric Johnson, a DUI arrestee who was scheduled to be detained for twelve hours after arrest. On August 11, 1992, Judge Leclerc confirmed his oral order with a written decision, concluding that the "release from custody" order violated Johnson's state constitutional right to bail. On September 15, 1992, the district court, the Honorable Norman J. Backes, granted a writ of habeas corpus to temporarily release Timothy Dornheim, a DUI arrestee who was also scheduled to be detained for twelve hours after arrest. After a subsequent hearing, Judge Backes entered a written decision on December 10, 1992, in which he also concluded that the municipal court's "release from custody" order violated Dornheim's right to bail.[1]

At approximately 1:20 a.m. on December 12, 1992, Berntson was arrested in Fargo for DUI. After a blood alcohol test, Berntson was informed that pursuant to the "release from custody" order, he would be detained until 8:00 a.m., when he would be permitted to sign a personal recognizance bond and a promise to appear at a later date. Berntson was ultimately released from custody at 8:00 a.m. on December 12, 1992. He thereafter requested a jury trial, and the case was transferred to county court under Section 40–18–15.1, N.D.C.C.

Berntson moved to dismiss the charge. The county court concluded that the municipal court's "release from custody" order violated Berntson's right to bail and that his detention deprived him of his right to gather evidence and witnesses to establish a defense to the charge. The court dismissed the charge against Berntson, and the City appealed.

In City of Fargo v. Stutlien et al., 505 N.W.2d 738 (N.D.1993), we held that the Fargo Municipal Court's release-from-custody procedure at issue in that case was not authorized by rule or by statute. The City asserts that on September 17, 1992, the municipal court clarified the release-from-custody procedure at issue in Stutlien to provide

that "until the conditions of release are met, i.e., detention periods for defendants to be held in custody, the acceptance of bond, whether PR, cash or surety is not authorized." The City contends that the prior procedure for release from custody allowed DUI arrestees to post bail before their minimum periods of detention, whereas the clarified procedure does not allow the DUI arrestees to post bail until after their minimum periods of detention. However, we do not believe that clarification affects the municipal court's lack of authority to issue an order for "minimum periods of detention, prior to release pending trial" for all DUI arrestees. Accordingly, our decision in Stutlien applies to the validity of the release-from-custody order at issue in this case.

In Stutlien, we reversed the dismissal of criminal prosecutions against the eight defendants charged in those cases, and we remanded for determinations of whether the right of those defendants to a fair trial was actually prejudiced by their detentions. Because of the close chronological relationship of some of those defendants' arrests and detentions to the district court's habeas corpus decisions, we declined to order the result in Madison v. North Dakota Department of Transportation, 503 N.W.2d 243 (N.D.1993) [Department of Transportation's "institutional noncompliance" with and "systematic disregard" of Section 28–32–06, N.D.C.C., regarding waiver of rules of evidence at an administrative hearing, warranted reversal of license revocation where there were two prior district court decisions contrary to the Department's interpretation and, except for the licensee's fear of testifying, the Department's waiver of the rules of evidence did not prejudice the licensee]. We held that, in order to warrant dismissal of the charges, each defendant must establish that his or her right to a fair trial was actually prejudiced by their detention.

In this case, the chronology and circumstances are different. Judge Leclerc's writ-

1. In Johnson v. Raftevold, 505 N.W.2d 110 (N.D. 1993), we dismissed appeals by the Fargo Chief of Police from the district court's orders granting the petitions for habeas corpus by Dornheim and Johnson, because the appeals were not authorized by statute. We declined to treat the appeals as requests for the exercise of our supervisory jurisdiction because the petitioners were no longer involuntarily confined. We noted that the issues raised in the cases could be resolved in appeals by the prosecution from orders dismissing criminal complaints, or in appeals by DUI arrestees from criminal convictions.

ten decision in the first habeas corpus proceeding was rendered on August 11, 1992, and Judge Backes's temporary order in the second habeas corpus proceeding was rendered on September 15, 1992. After a hearing, Judge Backes entered a final written decision in the second proceeding on December 10, 1992. Thus, when Berntson was arrested on December 12, 1992, and detained pursuant to the municipal court's release-from-custody procedure, previous decisions by two different district court judges had invalidated that procedure.

Although the municipal court has since rescinded its clarified release-from-custody procedure, we believe dismissal of the charge against Berntson is appropriate without a showing of actual prejudice under a rationale similar to *Madison*. Because we hold that dismissal of the charge against Berntson is appropriate without a showing of actual prejudice, our affirmance of the dismissal neither accepts nor rejects the county court's hypothesis that Berntson's detention deprived him of an opportunity to gather evidence and identify witnesses to establish a defense to the charge. *See Stutlien, supra.*

The county court's dismissal of the charge against Berntson is affirmed.

SANDSTROM, NEUMANN, LEVINE and MESCHKE, JJ., concur.