CITY OF JAMESTOWN, Plaintiff and Appellant,

v.

Jennifer R. ERDELT, Defendant and Appellee.

Cr. No. 930132.

Supreme Court of North Dakota.

March 8, 1994.

Lawrence P. Kropp (argued), City Prosecutor, Jamestown, for plaintiff and appellant.

Darold A. Asbridge, P.C. (argued), Bismarck, for defendant and appellee.

MESCHKE, Justice.

The City of Jamestown appeals from an order dismissing a DUI charge against Jennifer Erdelt because the City illegally jailed her without bond after she was arrested. We affirm.

## I.

At about 1:00 a.m. on April 24, 1992, Jennifer Erdelt was arrested for driving under the influence of alcohol. The arresting officer told Erdelt "she would be detained in the Stutsman County Corrections Center for a period of eight hours and be required to post a $300.00 bond." The officer also told Erdelt's boyfriend Mark Stroh, who was with her and willing to post bond for her immediately, that Erdelt "was going to serve a minimum of eight hours of detox." When Stroh posted bond for Erdelt at 7:00 a.m., the Corrections Center refused to release her until 9:00 a.m., eight hours after she was arrested.

Erdelt moved to dismiss the DUI charge. She argued that her detention was illegal when bond was immediately available after her arrest. She also argued the unlawful detention prejudiced her right to a fair trial. The trial court granted the motion, holding that the City did not comply with NDCC 5–01–05.1 and had illegally deprived Erdelt of her freedom.[1]

On appeal, the City asserts that it substantially complied with the statute. The City argues that every person arrested for DUI is

---

1.    NDCC 5–01–05.1 says:

*Public intoxication—Assistance—Medical care.* A peace officer has authority to take any apparently intoxicated person to his home, to a local hospital, or, whenever such person constitutes a danger to himself or others, to a jail for purposes of detoxication. A duly licensed physician of such local hospital has authority to hold such person for treatment up to seventy-two hours. Such intoxicated person must not be held in jail because of intoxication more than twenty-four hours. An intoxicated person must not be placed in a jail unless a jailer is constantly present within hearing distance and medical services are provided when the need is indicated. Upon placing such person in a hospital or jail, said peace officer shall notify the intoxicated person's family as soon as possible. Any additional costs incurred by the city or county on account of an intoxicated person shall be recoverable from such person.

"apparently intoxicated" and a threat to themselves or others. The City argues that its only duty when detaining a person arrested for DUI is to notify the person's family of the incarceration. The City also argues the Corrections Center's policy imposing a minimum eight hours detention for detoxification complies with the law.

Erdelt disagrees with the City's assumptions and interpretation of NDCC 5–01–05.1. She argues that a mandatory minimum period of detention for detoxification violates her constitutional right to bail. She also argues that the City has illegally replaced the individualized determination of dangerousness required by NDCC 5–01–05.1 with an unlawful mandatory eight-hour detention policy. We agree.

### II.

■ Erdelt argues that she should have been released on bond to her boyfriend immediately, rather than jailed eight hours for detoxification. We recently rejected court-ordered mandatory minimum periods of detention for all DUI arrestees because the bail statute, NDCC 29–08–02, did not permit municipal courts to authorize minimum periods of detention without bail, and because NDCC 5–01–05.1 requires individualized determinations of the degree of intoxication and of dangerousness. *City of Fargo v. Stutlien,* 505 N.W.2d 738, 743 (N.D.1993). In this case, we again review those procedures that officers must follow under NDCC 5–01–05.1, as *Stutlien* says, "to adequately protect the safety of the public and persons found to be apparently intoxicated."

■ To jail an "apparently intoxicated person," NDCC 5–01–05.1 directs several mandatory and discretionary procedures that have been explained before in the *McCroskey* opinions. An officer must "make the observations necessary to determine whether or not the subject is apparently intoxicated." *McCroskey v. Fettes (McCroskey II),* 310 N.W.2d 773, 775 (N.D.1981). "The actual determination is discretionary as long as it is based upon observations" made by the officer. *McCroskey II* at 776. An apparently intoxicated person can be taken to their home, to a local hospital, or to jail for detoxi-

fication. *McCroskey v. Cass County (McCroskey I),* 303 N.W.2d 330, 335 (N.D. 1981). Jail detention is permitted only if the person constitutes a danger to self or others. *McCroskey I* at 335. *See also McCroskey v. Fettes (McCroskey III),* 336 N.W.2d 645 (N.D.1983). As the *McCroskey* opinions explain, this determination is also left to the officer's discretion, so long as it is reasonably based on observations actually made by the officer.

■ When the person is jailed, the officer must notify the person's family, "presumably so the family may transfer the apparently intoxicated person from jail to home." *Stutlien,* 505 N.W.2d at 743. We explained in *McCroskey I,* 303 N.W.2d at 335, "[n]o discretion is involved in executing this function."

The trial court found that the arresting officer jailed Erdelt "without going through any of the mental processes anticipated in 5–01–05.1," including failure to observe whether Erdelt was apparently intoxicated. Instead, the officer merely relied on the City's practice of detaining all DUI arrestees for eight hours. The City argues the officer must have believed that Erdelt was intoxicated because he signed the detoxification request form. This record shows otherwise. Although the form refers to NDCC 5–01–05.1, the trial court concluded from the officer's testimony that he routinely jailed all DUI arrestees for detoxification, without first deciding whether each appeared intoxicated and dangerous.

■ The City argues that the appearance of intoxication may be inferred from the arrest for DUI. However, the law is that a person can be under the influence without being intoxicated. *State v. Hanson,* 73 N.W.2d 135, 139 (N.D.1955). We conclude that, although the arrest for DUI is some evidence of intoxication, the City may not assume everyone arrested for DUI is intoxicated. Before jail detention under NDCC 5–01–05.1, the officer must independently observe whether the person appears intoxicated and dangerous.

■ Danger to the public or to self is a precondition to jail detention under the stat-

ute. To lawfully jail Erdelt, the officer had to conclude she was a danger to herself or the public. The City argues that someone driving under the influence will always be some danger to herself or others. There is some plausibility in that position since the drunk driving laws are designed to protect the public from impaired drivers. However, after the driver is arrested, tested, and posts bond, the officer's main concern is to ensure the person does not drive again until no longer under the influence. If the arrestee posts bond and goes with a responsible person, that danger is normally minimal. We construe NDCC 5–01–05.1 to require that, absent extraordinary circumstances, the person must be released on bond to go with a responsible adult. As we pointed out in *Stutlien*, the notice requirement of the statute encourages this result by requiring notice to the arrestee's family so that they can arrange bond and help the arrestee.

If the officer had made an independent and individualized determination of Erdelt's dangerousness, her release on bond to Stroh might have diminished any danger to the public or herself. Instead, the officer believed he was required to jail Erdelt for detoxification, and told Stroh any effort to get her released on bond would be futile for eight hours. As the *McCroskey* series teach and *Stutlien* reiterates, Erdelt's mandatory jail detention was unlawful.

■ The City also interprets NDCC 5–01–05.1 to authorize the Corrections Center's policy of holding any person detained for DUI for eight hours, regardless of when bond is posted or if they are a danger to themselves or the public. This expansive interpretation of the City's powers threatens the right to bail guaranteed under Article I, Section 11 of the North Dakota Constitution.[2] We interpret statutes to avoid constitutional questions if possible. *Little v. Graff*, 507

N.W.2d 55, 59 (N.D.1993). As we held in *Stutlien*, 505 N.W.2d at 743, "[i]n order to give meaning to both N.D.C.C. §§ 29–08–02 and 5–01–05.1, we conclude that N.D.C.C. § 29–08–02 was intended to facilitate an administrative procedure for admission to bail and release for traffic offenses and not to authorize ... blanket minimum periods of detention, prior to release pending trial, for all DUI arrestees."[3]

■ The trial court found that the City's standard arrest procedure and the Corrections Center's policy together imposed a mandatory eight-hour detention period on all DUI arrestees. The court also found that the officer who arrested Erdelt relied on this blanket procedure, and did not make the individualized determinations necessary. We review a trial court's findings in a criminal case for clear error. *State v. Schmitz*, 474 N.W.2d 249, 251 (N.D.1991). The trial court's decision is supported by sufficient evidence, and we are not convinced a mistake has been made. Because the officer failed to personally observe whether Erdelt was apparently intoxicated and dangerous, she was illegally jailed.

### III.

■ Unlawful detention is not usually enough by itself to dismiss a criminal charge. "[I]n order to warrant dismissal of charges, the defendant must establish the detention actually prejudiced the defendant's right to present a defense and precluded the defendant from obtaining a fair trial." *Stutlien*, 505 N.W.2d at 745. The trial court held that Erdelt was prejudiced by the unlawful eight-hour deprivation of her liberty. However, Erdelt did not factually link her loss of liberty with any specific prejudice to her right to a fair trial. Without such a showing, loss of

**2.** *Section 11.* All persons shall be bailable by sufficient sureties, unless for capital offenses when the proof is evident or the presumption great. Excessive bail shall not be required, nor excessive finds imposed, nor shall cruel or unusual punishments be inflicted. Witnesses shall not be unreasonably detained, nor be confined in any room where criminals are actually imprisoned.

**3.** Erdelt did not question whether danger to the community is an exception to the right to bail. *See Stutlien*, 505 N.W.2d at 742 n. 4, *citing In re Underwood*, 9 Cal.3d 345, 107 Cal.Rptr. 401, 508 P.2d 721 (1973) (no public safety exception to right to bail). Because we affirm the trial court on statutory grounds, we do not decide this constitutional question.

liberty is not sufficient to support dismissal of a criminal charge.

Despite the absence of actual prejudice, we have affirmed a dismissal of charges for unlawful detention as a sanction for institutional non-compliance and systematic disregard of the law. *City of Fargo v. Berntson,* 505 N.W.2d 747, 748 (N.D.1993), *citing Madison v. North Dakota Department of Transportation,* 503 N.W.2d 243 (N.D.1993). We conclude this sanction is appropriate here.

In *Stutlien,* a city's practice of jailing all DUI arrestees for eight hours without bail was held not to be authorized by the bail statutes, and that NDCC 5–01–05.1 governed jailing of apparently intoxicated persons. *Stutlien,* 505 N.W.2d at 743. In this case, the City premised its policy solely on NDCC 5–01–05.1, not the bail statute. However, this court clearly said in *McCroskey I,* 303 N.W.2d at 335, that presumptive detention violates NDCC 5–01–05.1 because an officer must make individualized determinations of whether a person is apparently intoxicated and dangerous. The outcome of those determinations is left to the experience, judgment and discretion of the officer, not to a blanket policy that applies to all persons arrested for driving under the influence.

Erdelt established that DUI arrestees in Jamestown have categorically been jailed for eight hours without individualized determinations. The City argues that the officer believed Erdelt was intoxicated and dangerous when he signed the detoxification request. However, the officer's testimony evidenced that this was a blanket policy, not an individualized determination. In particular, the City does not explain why Erdelt was not released into Stroh's custody when he posted bond six hours later. Applying *Berntson* and *Madison,* this disregard for, and unwarranted interpretation of, our holdings in the *McCroskey* series warrants a dismissal of the charge against Erdelt.

The trial court properly concluded that jail detention of Erdelt was unlawful. In light of the non-compliance with NDCC 5–01–05.1 and the *McCroskey* decisions, we affirm the trial court's dismissal.

VANDE WALLE, C.J., and NEUMANN and SANDSTROM, JJ., concur.

LEVINE, J., concurs in the result.