# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2022 ND 18

State of North Dakota,                                              Plaintiff and Appellee

v.

Robert Virgil Bolinske, Sr.,                                    Defendant and Appellant

## No. 20210128

Appeal from the District Court of Burleigh County, South Central Judicial District, the Honorable Tristan J. Van de Streek, Judge.

AFFIRMED IN PART AND REMANDED.

Opinion of the Court by Crothers, Justice.

Kelly A. Dillon, Attorney General Office, Bismarck, ND, for plaintiff and appellee.

Robert V. Bolinske, Sr., Bismarck, ND, self-represented, defendant and appellant.

**Crothers, Justice.**

[¶1]   Robert Virgil Bolinske Sr. appeals from a criminal judgment entered after a jury convicted him of harassment. He argues the district court erred in denying his motion to dismiss based on a delayed probable cause determination and outrageous government conduct. Bolinske Sr. also argues the district court erred in declining to give his proposed jury instructions and receive his trial exhibits. We affirm that part relating to jury instructions and exhibits, and remand in part for further proceedings.

I

[¶2]   On a Tuesday morning in October 2019, Robert Bolinske Jr. reported several threatening voicemails left on his office answering machine by Bolinske Sr. A Burleigh County Sheriff's Deputy, who was working with Bolinske Sr. on a separate investigation, reviewed the voicemails that morning. On Wednesday, the deputy called Bolinske Sr. and asked him to come to the Sheriff's Department. Bolinske Sr. refused. On Friday, the deputy again called Bolinske Sr. and asked him to come to the department. Bolinske Sr. said he was busy working but would come in the next week. Instead of waiting, the deputy said he would come to the place Bolinske Sr. was working to have him sign paperwork pertaining to the separate investigation.

[¶3]   The deputy went to where Bolinske Sr. was working, asked Bolinske Sr. to sign the paperwork, and arrested him for terrorizing and harassment based on the voicemails left at Bolinske Jr.'s office. After the arrest, Bolinske Sr. asked to speak to a lawyer and to be taken directly to the Burleigh County Courthouse to see a judge and have bail assessed. The deputy instead transported Bolinske Sr. to the Burleigh Morton Detention Center. By the time Bolinske Sr. was booked into the detention center, it was Friday evening and the courthouse was closed. Bolinske Sr. remained in jail over the weekend and made his initial appearance the following Monday afternoon. The complaint against Bolinske Sr. was signed by the district court the same day.

[¶4]   Bolinske Sr. moved to dismiss the case arguing his constitutional rights were violated by the deputy's conduct and the delay in appearing before a judge. The district court denied the motion, finding the deputy's conduct did not rise to a level that shocked the conscience of the court and the law did not require strict compliance with the 48-hour rule.

[¶5]   At trial, Bolinske Sr. sought to introduce numerous exhibits demonstrating the relationship he had with his son. The district court declined to accept the exhibits but allowed Bolinske Sr. to elicit testimony about the relationship. Bolinske Sr. also requested jury instructions related to various defenses which the court excluded. The jury convicted Bolinske Sr. of harassment and acquitted him of terrorizing. The court entered a deferred imposition of sentence.

## II

[¶6]   Bolinske Sr. argues the district court erred in declining to give his proposed jury instructions and sustaining objections to several exhibits.

## A

[¶7]   This Court reviews jury instructions "as a whole to determine whether the instructions fairly and adequately informed the jury of the applicable law." *City of Fargo v. Nikle*, 2019 ND 79, ¶ 6, 924 N.W.2d 388. The district court errs if it refuses an instruction on an issue adequately raised, but it may refuse instructions that are irrelevant or inapplicable. *Id.*

[¶8]   Bolinske Sr. argues the district court should have given his proposed instructions on excuse, mistake of law, defense of others, force to protect, and coercion. In reviewing the jury instructions as a whole, they fairly and adequately instructed the jury of the applicable law. Bolinske Sr.'s proposed instructions pertained to inapplicable defenses. Thus, the district court did not err in refusing to give Bolinske Sr.'s proposed jury instructions.

B

[¶9] Bolinske Sr. argues the district court erred by excluding several proffered exhibits. This Court reviews a district court's determination on whether to admit evidence for abuse of discretion. *State v. Chisholm*, 2012 ND 147, ¶ 10, 818 N.W.2d 707. "A district court abuses its discretion in evidentiary rulings when it acts arbitrarily, capriciously, or unreasonably, or it misinterprets or misapplies the law." *Id.*

[¶10] Presuming the exhibits were otherwise admissible, N.D.R.Ev. 403 allows the district court to exclude relevant evidence if its value is substantially outweighed by confusing the issues, misleading the jury, or needlessly presenting cumulative evidence. Here, the proposed exhibits related to Bolinske Sr.'s relationship with Bolinske Jr., and consisted of letters, notes, photos, articles, and documents spanning over 20 years. The district court allowed testimony about events relating to the relationship between Bolinske Sr. and Bolinske Jr. to demonstrate Bolinske Sr.'s intent, but did not allow Bolinske Sr. to prove past events by collateral means. The district court found the proposed exhibits would mislead the jury and confuse the issues, and excluded the exhibits as permitted by Rule 403. Thus, the district court did not abuse its discretion in declining to receive Bolinske Sr.'s proposed exhibits.

III

[¶11] Bolinske Sr. argues the district court erred in denying his motion to dismiss the charges because the Fourth Amendment requires a probable cause determination within 48 hours of an arrest. Questions of law are fully reviewable on appeal. *State v. Van Der Heever*, 2021 ND 116, ¶ 6, 961 N.W.2d 272.

A

[¶12] In 1975, the United States Supreme Court held the Fourth Amendment requires a "prompt" judicial determination of probable cause in order to detain an individual arrested without a warrant. *Gerstein v. Pugh*, 420 U.S. 103, 125 (1975). The *Gerstein* decision allowed for flexibility to adopt different procedures in making timely probable cause determinations. *Id.* at 123-25.

[¶13] In 1991, the United States Supreme Court revisited the promptness requirement and set clearer boundaries of what is permissible under the Fourth Amendment. *County of Riverside v. McLaughlin*, 500 U.S. 44, 56 (1991). The Court held probable cause determinations must be made within 48 hours of a warrantless arrest. *Id*. The Court's rationale for expanding the holding in *Gerstein* is instructive. *Id*. at 47 ("This case requires us to define what is 'prompt' under *Gerstein*.").

[¶14] In *Gerstein* the Court balanced the States' "strong interest in protecting public safety by taking into custody those persons who are reasonably suspected of having engaged in criminal activity, even where there has been no opportunity for a prior judicial determination of probable cause" with "prolonged detention based on incorrect or unfounded suspicion may unjustly 'imperil a suspect's job, interrupt his source of income, and impair his family relationships.'" *County of Riverside,* 500 U.S. at 52. The result was a "holding that States 'must provide a fair and reliable determination of probable cause as a condition for any significant pretrial restraint of liberty, and this determination must be made by a judicial officer either before *or promptly after* arrest.'" *Id*. The Court in *Gerstein* acknowledged some delay in making the probable cause determination was inevitable given the ability of jurisdictions to incorporate probable cause determinations into other pretrial procedures. *Gerstein*, 420 U.S. at 123-24.

[¶15] In *County of Riverside* the Court lamented "flexibility has its limits; *Gerstein* is not a blank check. A State has no legitimate interest in detaining for extended periods individuals who have been arrested without probable cause." 500 U.S. at 55. To fix the uncertainty created by *Gerstein*, the Court in *County of Riverside* held "a jurisdiction that provides judicial determinations of probable cause within 48 hours of arrest will, as a general matter, comply with the promptness requirement of *Gerstein*." *Id*. at 56. However, the general rule came with a significant caveat:

> "This is not to say that the probable cause determination in a particular case passes constitutional muster simply because it is provided within 48 hours. Such a hearing may nonetheless violate *Gerstein* if the arrested individual can prove that his or her

4

probable cause determination was delayed unreasonably. Examples of unreasonable delay are delays for the purpose of gathering additional evidence to justify the arrest, a delay motivated by ill will against the arrested individual, or delay for delay's sake. In evaluating whether the delay in a particular case is unreasonable, however, courts must allow a substantial degree of flexibility. Courts cannot ignore the often unavoidable delays in transporting arrested persons from one facility to another, handling late-night bookings where no magistrate is readily available, obtaining the presence of an arresting officer who may be busy processing other suspects or securing the premises of an arrest, and other practical realities."

*Id.* at 56-57.

[¶16] If an arrested individual does not receive a probable cause determination within 48 hours, the individual does not bear the burden of proving an unreasonable delay. *County of Riverside*, 500 U.S. at 57. Rather, "the calculus changes."

"In such a case, the arrested individual does not bear the burden of proving an unreasonable delay. Rather, the burden shifts to the government to demonstrate the existence of a bona fide emergency or other extraordinary circumstance. The fact that in a particular case it may take longer than 48 hours to consolidate pretrial proceedings does not qualify as an extraordinary circumstance. Nor, for that matter, do intervening weekends."

*Id.* at 57.

[¶17] In response to *Gerstein* and *County of Riverside*, N.D.R.Crim.P. 5(a) was amended in 1995 to clarify that a "prompt" probable cause determination is required in warrantless arrest cases. Explanatory Note to Rule 5, N.D.R.Crim.P. When an arrest is made without a warrant, the arrested individual must be taken before the nearest magistrate without unnecessary delay. N.D.R.Crim.P. 5; N.D.C.C. § 29-06-25. Under the Fourth Amendment mandate, the magistrate must promptly determine whether probable cause exists to believe the arrested individual committed a criminal offense. N.D.R.Crim.P. 5(a)(2).

[¶18] Here, Bolinske Sr. was arrested without a warrant on a Friday afternoon. He was booked into the detention center and remained there over the weekend without a probable cause determination. Bolinske Sr. appeared in court on Monday, and the judge determined probable cause at that time. Bolinske Sr. moved to dismiss the case, in part, due to the delayed probable cause determination. In response, the State said:

> "The practical reality in North Dakota is that there are no night courts before which a weekend arrestee can appear. All districts in the state provide initial appearances Mondays through Fridays, with weekend arrestees, including those arrested on Friday afternoons, seen on Mondays. It is a procedure that has been in place for years, despite the McLaughlin decision. Some counties provide for judicial review of probable cause for weekend arrests by way of simple affidavit review. The South Central District used to have judges review affidavits of probable cause over the weekend, but no longer. The Burleigh County Sheriff's Department is bound by the procedure set by the court. Mr. Bolinske, Sr. was treated no differently than any other person arrested on a Friday afternoon."

[¶19] The district court denied Bolinske Sr.'s motion to dismiss, finding the delay was a result of the arrest happening on Friday and the next available hearing being on Monday. Doing so, the district court misapplied the law. The *County of Riverside* decision made clear "the calculus changes" when an individual is detained for more than 48 hours without a probable cause determination. *County of Riverside*, 500 U.S. at 57. Therefore, the burden shifted to the government to demonstrate a qualifying reason for the delay because Bolinske Sr. did not receive a probable cause determination within 48 hours. *Id.*

[¶20] The State's brief on appeal reiterated the State's statement to the district court regarding the procedure for seeing weekend arrestees on Mondays. During oral argument the State clarified that some North Dakota district courts hold weekend hearings while others do not. However, the State's explanation did not demonstrate the required existence of an emergency or other extraordinary circumstance warranting the delay. *See County of*

*Riverside*, 500 U.S. at 57. Nor did the State demonstrate prompt probable cause review was difficult or impossible due to "delays in transporting arrested persons from one facility to another, handling late-night bookings where no magistrate is readily available, obtaining the presence of an arresting officer who may be busy processing other suspects or securing the premises of an arrest, and other practical realities." *Id*. Therefore, the State failed to justify the delay and Bolinske Sr.'s Fourth Amendment right to a prompt probable cause determination was violated.

B

[¶21] Having determined Bolinske Sr.'s Fourth Amendment right was violated, the question of Bolinske Sr.'s remedy arises. Bolinske Sr. made a motion to dismiss the case based on the violation. The State argues *County of Riverside* does not require dismissal of charges if an arrested individual is detained longer than 48 hours without a probable cause determination.

[¶22] The *County of Riverside* decision did not specifically address available remedies for the Fourth Amendment violation. *See generally* 500 U.S. 44; *see also Powell v. Nevada*, 511 U.S. 79, 84 (1994) (Acknowledging the appropriate remedy for a delay in determining probable cause was not resolved by *County of Riverside*.).

[¶23] The South Dakota Supreme Court addressed the appropriate remedy for a violation of the 48-hour rule in *State v. Larson*, 2009 S.D. 107, ¶ 14, 776 N.W.2d 254. There, the defendant was arrested without a warrant and remained in jail for 18 days without a probable cause determination. *Id.* at ¶ 13. The court's review of cases did not reveal any where charges were dismissed for a delayed probable cause determination. *Id.* at ¶ 15. However, many cases involved situations where evidence and confessions could be suppressed when the defendant was unlawfully detained. *Id.* The South Dakota Supreme Court held when suppression is not an option, dismissal is warranted in cases of "egregious prosecutorial misconduct or on a showing of prejudice (or a substantial threat thereof), or irremediable harm to the defendant's opportunity to obtain a fair trial." *Id.* at ¶ 16. The court ultimately

7

reversed and remanded the case for the circuit court to determine whether the government had a justification for the unreasonable delay. *Id.* at ¶ 17.

[¶24] In agreement with South Dakota's analysis, but in a different context, this Court said detention in violation of a statutory right to bail ordinarily is not grounds for dismissing a complaint or voiding a subsequent conviction. *City of Fargo v. Stutlien,* 505 N.W.2d 738, 744 (N.D. 1993). Rather, the usual sanction for an unlawful detention is the suppression of statements or evidence discovered as a result of the detention. *Id.*

[¶25] Here, Bolinske Sr., made no incriminating statements and no evidence was discovered as a result of his detention. Without evidence to suppress, Bolinske Sr. may be left without a remedy in this criminal case for his constitutional deprivation. However, we also agree with the South Dakota Supreme Court that dismissal is limited to cases of "egregious prosecutorial misconduct or on a showing of prejudice." *See Larson*, 2009 S.D. 107, ¶ 16.

[¶26] Dismissal also can be warranted as a sanction for institutional non-compliance and disregard of the law despite the absence of prejudice; *see Madison v. N.D. Dep't of Transp.*, 503 N.W.2d 243, 246-47 (N.D. 1993) (conduct which is "potentially prejudicial" if "commonplace" may warrant reversal); *see also City of Fargo v. Berntson*, 505 N.W.2d 747, 749 (N.D. 1993) (dismissing a charge without a showing of actual prejudice); *see also City of Jamestown v. Erdelt*, 513 N.W.2d 82, 86 (N.D. 1994) ("Despite the absence of actual prejudice, we have affirmed a dismissal of charges for unlawful detention as a sanction for institutional non-compliance and systematic disregard of the law."); and some constitutional violations give rise to actions for civil damages. *See Kristensen v. Strinden*, 343 N.W.2d 67, 71 (N.D. 1983) (holding state district courts have jurisdiction to hear civil cases for deprivation of rights under 42 U.S.C. § 1983).

[¶27] Because the district court misapplied the law as discussed above, the district court did not analyze a remedy for Bolinske Sr.'s constitutional deprivation. Therefore, we remand so Bolinske Sr. can have an opportunity to demonstrate prejudice or establish other circumstances that may warrant

dismissal of his case, and for the district court to fashion a remedy for any proven prejudice or other circumstance.

IV

[¶28] The criminal judgment is affirmed in part and is remanded in part for proceedings consistent with this opinion.

[¶29] Jon J. Jensen, C.J.
 Gerald W. VandeWalle
 Daniel J. Crothers
 Lisa Fair McEvers
 Jerod E. Tufte